## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LAWRENCE CLARK McILRATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-1382-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding the Administrative Law Judge (ALJ) did not adequately explain his findings regarding deficits in Plaintiff's concentration, persistence, or pace resulting from his pain, and Plaintiff's ability nonetheless to perform highly skilled work, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent with this decision.

## I.    Background

Plaintiff applied for DIB, alleging disability beginning December 14, 2012. (R. 24, 190). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He argues that the ALJ erred in evaluating the mental demands of Plaintiff's past work, in evaluating Plaintiff's alleged mental impairments, in evaluating the medical opinions of his treating physicians, in evaluating the credibility of Plaintiff's allegations of symptoms, and in evaluating the transferability of skills from past relevant work to other work available in the economy.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the

determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th

Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether he

has a severe impairment(s), and whether the severity of his impairment(s) meets or equals

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt.

P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This

assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining at step four whether, in light of the RFC assessed, claimant can perform his

past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the

3

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

 The court finds that remand is necessary because the ALJ apparently lost sight of

two salient facts which remove this case from the mine run of Social Security disability

cases--Plaintiff was 62 years old on his alleged disability onset date, placing him in the

category of a person of advanced age who is closely approaching retirement age (R. 35)

see also, 20 C.F.R. § 404.1563(e), and Plaintiff's past relevant work was highly skilled

work.  (R. 34) (SVP 7).  The relevance of these facts to this case are that "at advanced age

. . ., age significantly affects a person's ability to adjust to other work," that the

Commissioner has "special rules for persons of advanced age and for persons in this

category who are closely approaching retirement age," 20 C.F.R. § 404.1563(e), and that

highly skilled work on its face does not fit within the ability to "make simple work task

decisions."  (R. 28, 468).  The special rules applicable in this case are:  (1) for a person of

advanced age limited to sedentary or light work, the agency will find that person cannot

make an adjustment to other work unless he has skills that will transfer to other skilled or

semiskilled work, and (2) if that person is "closely approaching retirement age . . . and

4

[has] a severe impairment(s) that limits [him] to no more than <u>light</u> work, we will find

that [he has] skills that are transferable to skilled or semiskilled light work only if the

light work is so similar to your previous work that you would need to make very little, if

any, vocational adjustment in terms of tools, work processes, work settings, or the

industry."  20 C.F.R. § 404.1568(d)(4).

## II.    Discussion

Plaintiff argues that the ALJ here failed to specifically determine the mental

demands of Plaintiff's past relevant work, and consequently failed to consider that even if

Plaintiff's mental impairments are not severe (and perhaps, not medically determinable),

his chronic pain may nevertheless have such an effect as to preclude the performance of

his past relevant work as a construction superintendent and to preclude transferability of

skills to other skilled work.  He noted the ALJ's acknowledgment of Dr. Allen's opinion

that Plaintiff has no medically determinable mental impairments and that although pain

distracts Plaintiff, he can make simple work task decisions.  He points to the ALJ's

finding that his mental impairments are not severe, and to Dr. Parks's opinion that

Plaintiff would have difficulty maintaining sustained concentration for detailed or

complicated tasks, and argues that the ALJ erred in his step two evaluation.

The Commissioner argues that the ALJ reasonably determined that Plaintiff does

not have mental impairments which cause functional limitations.  She argues that

although the ALJ found mental impairments causing some limitations, those limitations

are not severe, and Plaintiff does not point to record evidence of mental limitations which

5

should have been included in the RFC assessed.  She argues that the ALJ reasonably discounted Dr. Parks's opinion, and that Dr. Allen's opinion that Plaintiff can make simple work task decisions is not inconsistent with the RFC for a range of light work because the ALJ "addressed measures to alleviate Plaintiff's pain, so that he would not have the limitations Dr. Allen suggested."  (Comm'r Br. 13).  The court finds error in the ALJ's step three analysis and in his RFC assessment based on the step three analysis

In his discussion at step three, the ALJ found that Plaintiff's severe impairments are degenerative disc disease and arthrosis.  (R. 26).  He found that Plaintiff's headaches and left foot drop are not severe.  Id. at 27.  He afforded substantial weight to the opinion of the state agency psychological consultant "in determining the claimant's mental impairments to be nonsevere or not medically determinable."  Id.  He applied the Commissioner's Psychiatric Review Technique to Plaintiff's mental functioning and found that Plaintiff has mild limitation in activities of daily living, no limitation in social functioning, mild limitation in concentration, persistence, or pace, and no episodes of decompensation.  Id. at 27-28.  He summarized the report of a psychological evaluation prepared by Dr. Allen, and noted her opinions that although Plaintiff "has chronic pain that sometimes distracts him, [he] is able to able to understand, carry out, and remember instructions; work at a reasonable pace, respond appropriately to supervision and coworkers, make simple work task decisions, handle expectable pressures in a work setting, and manage finances."  Id. at 28.  He afforded Dr. Allen's opinion "substantial weight in determining that the claimant has no medically determinable mental health

impairment." Id.  In the very next sentence, the ALJ found that Plaintiff's "medically determinable mental impairment . . . is nonsevere.  Id.

The ALJ's step two findings are simply nonreviewable because they contain an irreconcilable conflict.  An impairment cannot be both "not medically determinable" and "not severe."  It must be one or the other.  This is so because limitations attributed to impairments which are medically determinable but are not severe must be considered at later steps in the sequential evaluation process, whereas alleged limitations attributable to impairments which are not medically determinable must not be considered at later steps. 20 C.F.R. §§ 404.1508, 404.1523; see also, Rutherford v. Barnhart, 399 F.3d 546, 554, n.7 (3d Cir. 2005) (to be considered, an impairment must be medically determinable, but need not be "severe"); Gibbons v. Barnhart, 85 F. App'x 88, 91 (10th Cir. 2003) ("the ALJ must consider only limitations and restrictions attributable to medically determinable impairments.") (quotation omitted).  Therefore, in this case if Plaintiff's mental impairments are not medically determinable, any alleged limitations resulting from them may not be considered in the ALJ's assessment of Plaintiff's RFC limitations.  But, if Plaintiff's mental impairments are medically determinable but not severe, all alleged functional limitations resulting from them must be considered by the ALJ when assessing Plaintiff's RFC.

Because the ALJ purported to find Plaintiff's "mental impairments to be nonsevere or not medically determinable" (R. 27) (emphasis added), it is not clear whether he considered them when assessing RFC.  He applied the psychiatric review technique and

stated that based on that application he found Plaintiff's "medically determinable mental impairment . . . is nonsevere."  (R. 28).  But, he purported to accord substantial weight to Dr. Allen's opinion "in determining that the claimant has no medically determinable mental health impairment."  Id.  Remand is necessary for the Commissioner to clarify whether Plaintiff has mental impairments which are medically determinable, and if so, whether those impairments are severe withing the meaning of the Act.  She must then consider or not consider the effects of those alleged impairments in accordance with the regulations as explained above.

Even leaving that issue aside, the case must be remanded because the ALJ purported to accord substantial weight to Dr. Allen's opinion and found that Plaintiff is able to perform his past highly skilled work as a construction superintendent or, alternatively, that he has skills which are transferable to other highly skilled work.  But, the ALJ did not explain how Plaintiff is able to do highly skilled work despite Dr. Allen's opinion that Plaintiff is distracted by chronic pain and is able only to "make simple work task decisions."  (R. 28) (citing Ex. 9F/2 (R. 468)).

As the ALJ discussed in his decision, Dr. Allen tested Plaintiff in the areas of abstraction skills, and attention and concentration (among other areas) and reported that "he did fair."  (R. 28) (citing R. 468).  He noted Dr. Allen's report that Plaintiff focused well enough to do reverse spelling of a five letter word and counting from 20 to 1 but that he "struggled slightly with doing calculations (serial three additions)."  Id. (emphasis added).  He summarized Dr. Allen's opinions "that although [Plaintiff] has chronic pain

that sometimes distracts him, [he] is able to able to understand, carry out, and remember instructions; work at a reasonable pace, respond appropriately to supervision and coworkers, make simple work task decisions, handle expectable pressures in a work setting, and manage finances." Id.  The ALJ accorded "substantial weight" to Dr. Allen's opinion.  (R. 28).  On its face, an individual who struggles with serial three addition and who has the ability to make only simple work task decisions does not appear to have the ability to perform highly skilled work requiring a specific vocational preparation (SVP) level of 7 such as required by Plaintiff's past work (R. 34), or an SVP of 6 or 7 as required by the jobs to which the ALJ found Plaintiff has transferable skills.  While it may be that there is an evidentiary basis to find that such an individual is able to perform Plaintiff's past work or has skills transferable to other skilled work, that basis must be articulated by the Commissioner, and it was not in this case.  It is the Commissioner's duty to resolve ambiguities in the record evidence, and she did not do so here.

The ALJ stated that he found that Plaintiff cannot "perform work that requires more than occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs; or any climbing ladders, ropes or scaffolds . . . can [only] occasionally reach overhead bilaterally, . . . [and] should avoid concentrated exposure to hazards, vibration, noise, and extreme cold," "in order to prevent exacerbation of pain and as precautionary measures."  (R. 34).  However, there is no evidentiary basis to find that these limitations were being exceeded when Dr. Allen performed her examination of Plaintiff, and there is no basis to believe that the limitations found by Dr. Allen and

accorded substantial weight by the ALJ will not be present even if Plaintiff works within the precautionary limitations assessed by the ALJ.  Remand is necessary for the Commissioner to resolve these ambiguities and to explain how Plaintiff is able to perform highly skilled work despite his chronic pain.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 30th  day of December 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

10