# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE CLARK MCILRATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 15-1382-JWL |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's "Application for Attorney Fees Under The Equal Access to Justice Act" (EAJA) (28 U.S.C. § 2412) (Doc. 23) (hereinafter EAJA Mot.). The Commissioner does not object to the hourly rate of $191.21 requested by Plaintiff, or to awarding costs of $400.00, and she admits that a fee award is proper but argues that the amount requested is unreasonable because "the attorney hours billed are excessive, particularly in light of counsel's representation of Plaintiff during the administrative proceedings." (Doc. 24, p.3) (hereinafter EAJA Resp.). The court finds

---

[1]On Jan. 20, 2017, Nancy A. Berryhill became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff has not met his burden to establish that the amount of time billed was reasonable. Therefore, the court PARTIALLY GRANTS Plaintiff's motion for attorney fees, allowing 32.65 hours at the rate of $191.21, resulting in a fee award of $6,243.00 as explained hereinafter.

**I.     Background**

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits. (Doc. 1). The Commissioner answered and filed the transcript of record. (Docs. 3, 4). After briefing was complete, this court determined the ALJ "did not adequately explain his findings regarding deficits in Plaintiff's concentration, persistence, or pace resulting from his pain, and Plaintiff's ability nonetheless to perform highly skilled work," and ordered that judgment be entered remanding the case for further proceedings. (Doc. 21, p.1) (hereinafter Ct's Opinion). Plaintiff now seeks payment of attorney fees pursuant to the EAJA,[2] 28 U.S.C. § 2412.

Plaintiff's counsel, Mr. David H. M. Gray, has established that: (1) he has represented Plaintiff pursuant to a contingency fee agreement since October 11, 2013, (2) his customary hourly rate is $300.00, and (3) he expended fifty-one and four tenths

---

[2]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. . . .

28 U.S.C. § 2412.

hours in representing Plaintiff including: (a) twenty-nine and five tenths hours preparing and filing a Complaint, and reading, researching, and writing Plaintiff's Brief in the case, (b) fifteen and seventy-five hundredths hours reading, researching, and writing a Reply Brief, (c) one and sixty-five hundredths of an hour reading the court's Order and preparing an EAJA fee brief, and (d) four and fifty hundredths hours researching and preparing an EAJA reply brief. Plaintiff's counsel also asserts that the fee cap under the EAJA, adjusted for cost of living increases, is $191.21 per hour, and he seeks fees in the amount of $9,828.14.

## II.     Legal Standard

The court has a duty to evaluate the reasonableness of every fee request. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The EAJA requires that a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for her position. Id.; Estate of Smith, 930 F.2d at 1501. Here, the Commissioner does not argue that the government's position was substantially justified. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that his request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

## III. Discussion

### A. Arguments

The Commissioner agrees that award of a fee under the EAJA is appropriate in this case but disagrees with the amount of the fee requested. She argues that "[m]ultiple courts have found that 20 to 40 hours is a reasonable expenditure of attorney time for routine Social Security cases." (EAJA Resp. 4) (citing cases). She argues that Plaintiff opted for a "Cadillac" litigation strategy, but that the court should not make the government pay for such an unreasonable choice. Id. at 3 (citing Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1247 (10th Cir. 2005)). Particularly, she objects to being billed 27.5 hours to prepare a 27-page opening brief addressing "every possible issue," and 11.75 hours to draft a 16-page reply brief.[3] Id.

---

[3] It appears that the Commissioner misunderstood counsel's "Statement of time expended, because that document contains three entries regarding time spent on the Reply Brief: 5.25 hours on October 14, 2016, 6.5 hours on October 15, and 4.0 hours on October 16, for a total of 15.75 hours on that brief. (Doc. 23, Attach. 2, p.3).

She argues that the time expended is "excessive in light of [counsel's] familiarity with this case," id. at 4, and the eight-page brief he presented to the agency in July, 2015 "containing many of the same legal arguments he made before this court." Id. at 5. She argues that Plaintiff's counsel explained his experience and expertise in dealing with Social Security disability cases, and she asserts that an attorney so well qualified as he should not take so many hours to present a case such as this. (EAJA Resp. 5).

The Commissioner argues that this case involved an average-length record and standard arguments, and there is nothing to justify awarding a fee above the high-end of the spectrum of typical awards. Id. at 6 (citing Williams v. Astrue, No. 06-4027-SAC, 2007 WL 2582177 at *1 (D. Kan. Aug. 28, 2007) ("[C]ourts in this district have not hesitated to disallow hours over 40 as unreasonable in recent routine EAJA social security cases;" collecting cases). The Commissioner points to a case in which this court recently awarded 35-hours of fees to the same counsel, and argues that case is similar and can be used as a gauge here. Id. (citing Lavoie v. Colvin, Civ. A. No. 14-1352-JWL, 2016 WL 4181323 (D. Kan. Aug. 8, 2016)). She notes the court found that in normal circumstances 30 hours would be reasonable in a case such as Lavoie, but that five hours additional was justified because counsel had not represented Ms. Lavoie before the Commissioner and took the case shortly before the limitation period expired in that case. 2016 WL 4181323 at *3. She argues that this case is similar to Lavoie except that counsel represented the plaintiff in this case before the Commissioner and this record is less than 600 pages whereas the record in Lavoie was over 1,100 pages. (EAJA Resp. 6).

5

Plaintiff's counsel argues the cases relied upon by the Commissioner are much larger cases with aggressive strategy and excessive billing and do not relate to the subject matter of this case. (Doc. 28 p. 5) (hereinafter EAJA Reply). He argues that claims regarding a Cadillac litigation strategy, aggressive strategy, and briefing every possible issue are not "specific objections" within the meaning of the governing law regarding objections to hours expended for which fees are claimed pursuant to the EAJA, and are insufficient to advise the fee applicant of what is at issue. (EAJA Reply 5-6) (quoting Walton v. Massanari, 177 F. Supp. 2d 359, 361-62 (E.D. Pa. 2001)). He argues that although the court did not find merit in every issue raised by Plaintiff, he may be compensated for all good-faith arguments raised. Id. at 6-7. Plaintiff points to the court's statement that certain facts removed this case from the mine run of Social Security cases and argues that this case is not a routine case. He argues this is also true because the record at "571 pages is approaching twice the typical record," and it did not involve standard arguments because of the legal principles which removed it from the mine run of cases. Id. at 10. He argues that "[b]ecause the ALJ erred in so many respects, the plaintiff was forced to submit a brief that covered each of those areas in order to make an appropriate presentation and argument to this court." Id. at 11 (quoting Coleman v. Astrue, No. 06-2427-JWL, 2008 WL 234404, at *4 (D. Kan. Jan. 28, 2008)). He also argues that although his counsel handled the case before the Commissioner, wrote a brief for the Appeals Council, and has extensive experience and expertise in Social Security

cases, that is merely a reason that preparation, research, and briefing of this case would have required greater time for a less-experienced counsel. Id. at 14.

### B.	Analysis

As Plaintiff points out in his EAJA Reply Brief, in its decision in this case, the court noted "two salient facts which remove this case from the mine run of Social Security disability cases--Plaintiff was 62 years old on his alleged disability onset date, placing him in the category of a person of advanced age who is closely approaching retirement age, and Plaintiff's past relevant work was highly skilled work." (Court's Opinion, 4) (citations omitted). These facts do not appear in most Social Security cases, and in that sense Plaintiff is correct that this is not a "routine" Social Security case. However, Plaintiff's counsel demonstrated his experience and expertise in handling Social Security cases when he argued in his Brief to the Appeals Council that these two facts should have made a difference in the ALJ's decision in this case. (R. 336, 342-43) (arguing that the RFC limitation to "simple work decisions" and according substantial weight to Dr. Allen's opinion, precludes transferability of skills from skilled work to other skilled work, and concluding that "at closely approaching retirement age and even limited to light work, claimant meets grid rule 202.06").

As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA applications in "straightforward" disability cases is between thirty and forty hours. See Chisholm v. Astrue, No. 13-1276-SAC, 2015 WL 474345, at *1-2 (D. Kan. Feb. 5, 2015) (reducing time from 54.55 hours to 43.8 hours); Edwards v.

7

Astrue, No. 07-2157-KHV, 2008 WL 4066100 (D. Kan. Aug. 28, 2008) (reducing time from 44.25 hours to 40 hours); Brooks v. Barnhart, No. 04-2526-CM, 2006 WL 3027975, *2 (D. Kan. Sept. 25, 2006) (reducing time from 52 hours to 40 hours); Nave v. Barnhardt, No. 03-2076-JWL, 2003 WL 22300178, *2 (D. Kan. Oct. 7, 2003) (granting a fee request for 28.4 hours as well within the time for a typical Social Security case); Peoples v. Shalala, 1995 WL 462213, at *2 (D. Kan. July 27, 1995) (where nothing about the case appeared to warrant an "extra" expenditure of time, court would not permit plaintiff's counsel to recover more than the "typical" amount of hours expended-between thirty and forty); Austin v. Shalala, 1994 WL 114845, at *2 (D. Kan. Apr. 1, 1994) (finding recovery for 40 hours of total time expended is reasonable for typical social security case).

But for Plaintiff's age (62 - closely approaching retirement age), his highly skilled past relevant work, and the ALJ's finding of transferability of skills to other highly skilled work, this case would qualify as a "straightforward" or "routine" Social Security case. Moreover, each issue taking this case out of the "routine" category was identified by counsel and previously addressed in his Brief to the Appeals Council. And, many of the "straightforward" or "routine" issues present in this case were also addressed in Plaintiff's Brief to the Appeals Council.

Plaintiff's argument that this record, at 571 pages, is approaching twice the size of a typical record in the range of 300 pages, is unpersuasive. First, he cites no authority for the proposition that a typical record is in the range of 300 pages, and the court's

experience reviewing Social Security cases does not support the assertion.  While the court acknowledges that in recent years a greater number of cases appear with records less than 500 pages, the court's experience reveals a "typical" record ranges between 400 to 700 pages, and a "large" record exceeds 1,000 pages.  And, as the Commissioner argued, this record is about one-half the size of the record in Lavoie.

Considering Counsel's experience and expertise, the length of the record in this case, Counsel's familiarity with this case beginning with his representation of Plaintiff before the Commissioner, the fact that Counsel identified and briefed the most salient issues in this case before the Appeals Council, and the fact that Counsel briefed many of the other issues before the Appeals Council, the court finds that 17.5 hours is a reasonable amount of time to research, write, and edit Plaintiff's Social Security Brief in this case.

Similarly, the court finds that a reasonable time to research, write, and edit a Reply Brief in this case is seven hours.  In his Reply Brief, Plaintiff addressed each issue raised in his Social Security Brief individually, and with regard to each issue, he reiterated the arguments from his Social Security Brief, summarized the Commissioner's responses to those arguments, and then explained why he believed the Commissioner's arguments were incorrect.  This is a time-consuming and unnecessary procedure to inform the court regarding Plaintiff's reply to the Commissioner's arguments.  Before the court considers Plaintiff's Reply Brief, it will have read and considered Plaintiff's Social Security Brief in light of the record evidence and the Commissioner's Response Brief in light of the record

evidence. It does not need Plaintiff to repeat those arguments. The time spent doing so is not reasonably chargeable to the defendant.

The court found 17.5 hours is a reasonable time to research, write, and edit Plaintiff's Social Security Brief and 7.0 hours is a reasonable time to research, write, and edit Plaintiff's Reply Brief. Adding 2.0 hours reasonably charged for preliminary matters in preparing the Complaint, and 6.15 hours for reviewing the court's decision and briefing the EAJA fee portion of this case, the court finds that 32.65 hours was reasonably expended in pursuing this case before the court. At a reasonable rate of $191.21, that results in a reasonable attorney fee of $6,243.00.

**IT IS THEREFORE ORDERED** that plaintiff's "Application for Attorney Fees under the Equal Access to Justice Act" (Doc. 23) be GRANTED in part and DENIED in part, and that fees be awarded in the sum of $6,243.00.

**IT IS FURTHER ORDERED** that costs of $400.00 shall also be paid in accordance with 28 U.S.C. § 2412(c)(1).

Dated this 23rd day of May 2017, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**